McEabland, J.,
delivered the opinion of the court.
In January, 1861, the complainant, Elliott, purchased of the defendant, James M. Weatherly, a tract of land in Rutherford county, and conveyed to him in part payment certain land in Arkansas. It ivas soon after ascertained that the title to part of the Arkansas land was not good. And in December, 1861, Elliott conveyed to Weatherly two smaller tracts in Arkansas, in the place of the lands first conveyed, paying to Weatherly the difference in value.
In 1867, Weatherly filed his hill in the chancery court at Murfreesboro, against the said Elliott, charging him with fraudulent representations as to the value and as to title to said lands, and praying for relief. This hill was *547 answered, but the cause was soon afterwards compromised .and dismissed.
As part of the compromise, "Weatherly conveyed back to Elliott the two last mentioned tracts of land in Arkansas. This last mentioned deed (in which Mrs. Weatherly joined) contained the following covenant, to wit: “And we do hereby covenant and agree to and with the said Thomas A. Elliott, that we will warrant and forever defend the right and title to said land against the lawful claims of all persons claiming by, through or under us or our heirs.” At the same time Elliott paid $250 to Weatherly, and executed to him two notes for $1,000 each, in the following words:
“($1,000.)
“On or before the first day of January, 1868, I promise to pay James M. Weatherly one thousand dollars, which may be discharged in claims on him now held by me, or which may be held at any time before payment, in whole or in part. This note is not to -be negotiable or transferred.”
The other note is in all respects similar, except it is due 25th of December, 1868.
The present bill was filed by Elliott, and prays for relief upon the grounds: Eirst. That the covenant above set forth in the deed of Weatherly and his wife has been broken, in this: 'that the title of the two' tracts of land in Arkansas, conveyed by the deed, has been lost by a sale of the land for taxes by the state, and that these taxes were assessed and the sale made during the time Weatherly owned the land and before he reconveyed it; and that the deeds are held and possessed by the parties whose names are given.
Second. The bill charges that he had bought and tendered to Weatherly a large number of claims upon him in payment of his said notes, but Weatherly refused to allow the payments, except as to two claims, and was proceeding *548 with a suit at law upon the notes. There was no- demurrer to the bill, and the question of jurisdiction, was therefore waived.
Upon the first ground assumed in the bill the question discussed is, whether the special covenant above set forth is a covenant against a- title set up- by a purchaser at a tax sale made during the time Weatherly was the owner of the land, and for taxes assessed against him. For the present we decline the decision of this question, for the reason that, conceding the position of the complainant’s counsel to he sound, the complainant has still failed to make out a case. The defendants in the answer do not admit the allegations of the bill as to the superior title of the persons named. Weatherly admits that he paid no taxes, but insists tbat complainant knew tbis and undertook to take tbe risk.
The complainant proves hy witnesses that the lands were sold for taxes several times between 1861 and 1867, and tbis, in substance, is all tbe proof upon tbe question. There is no covenant in the deed for removing incumbrances. It stands upon the covenant of warranty albov© set forth. The complainant having failed to show an eviction, or the establishment of the paramount title by some judicial proceeding in Arkansas, it was incumbent upon bim to establish by competent evidence tbe superior title wbicb he alleges is vested in the persons named. This he would have to show hy such proceedings, record and conveyance as, under the laws of Arkansas, would vest the purchasers with a good title- — such evidence as would establish the title in an action for breach of covenant. It is clear that complainant has failed to do this.
The decree of the chancellor refusing relief upon this ground is affirmed, hut we do not decide -what would have been -the result had the ‘allegations of the bill been proven.
The next question is in regard to the right of the complainant to pay his notes to Weatherly in claims upon the *549 Fitter. Weatherly insists that the true contract- was that he was to talc© up such claims from Elliott in payment of his notes at- whatever Elliott paid for them, with -ten per ■cent, additional, and that Elliott proposed to buy the claims -■at fifty cents on the dollar, and did purchase some at a less rat©.
Upon this question the. testimony of Elliott and Weatherly is in direct conflict. The testimony of Weatherly is corroborated by the testimony of Ransom, who proves a •conversation with Elliott. The testimony of Elliott is corroborated by the fact that Weatherly did give credit for two claims in full. The -contract, however, is evidenced by the notes, and this is controlling; and by a fair interpretation must be taken to- mean that Weatherly was to receive in payment claims against himself at par.
It is argued for the defendant that by the form of the pleadings th© complainant had taken upon himself the onus of proof upon this question, but he relies upon the written contract, and under the facts of this case this is controlling.
The chancellor decreed for the complainant on this branch of the case, and ordered the proper account to be taken. This decree will be affirmed with costs and the cause remanded to be proceeded with.